IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

HARTFORD CASUALTY INSURANCE COMPANY

               Plaintiff                                  No. 2:09-CV-03355 JHS

     v.

AMERICAN RECYCLING SYSTEMS, INC.

       and

ALCIBIADES GALAN

               Defendants

_____

DEFENDANT AMERICAN RECYCLING SYSTEMS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>ITS MOTION TO DISMISS COMPLAINT</u>

Defendant American Recycling Systems, Inc. ("ARS"), by counsel, hereby submits this

Memorandum of Law in support of its motion to dismiss the above-captioned action by Hartford

Casualty Insurance Company ("Hartford") for declaratory judgment.

<u>Factual summary</u>

Hartford issued to ARS, as the Named Insured, a general liability policy No. 44 SBM

US9251, having a policy period from October 1, 2007 to October 1, 2008 ("the Policy").

On or about April 27, 2009, Defendant Galan commenced an action against ARS and

others in the Philadelphia Court of Common Pleas captioned *Alcibiades Galan v. American*

*International Co. n/k/a American Recycling Systems, Inc., et al*, April Term 2009, No. 03246

("the underlying case").

The underlying case  is ongoing in the Philadelphia Court of Common Pleas.

1

A dispute has arisen as to whether Hartford is obligated under the Policy to indemnify and defend ARS in the underlying case.

On or about July 27, 2009, Hartford filed the above-captioned action pursuant to the Declaratory Judgment Act, 28 U.S.C.A. § 2201(a),  seeking resolution of the coverage dispute.

The above-captioned declaratory judgment action neither raises any issue of substantive federal law nor implicates any federal interest, but, rather, seeks a resolution based purely on the interpretation of the Policy under Pennsylvania law.

Legal summary

The Declaratory Judgment Act provides, in relevant part, that a court "**may** declare the rights and other legal relations of any interested party." [Emphasis added]  28 U.S.C.A. § 2201(a). The jurisdiction conferred by the Declaratory Judgment Act is discretionary, and District Courts are under no compulsion to exercise it. *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000), citing *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494 (1942); accord, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995)(holding that the Declaratory Judgment Act affords District Courts "unique and substantial discretion in deciding whether to declare the rights of litigants.").

The Third Circuit Court of Appeals has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atlantic Mutual Insurance Co. v. Gula*, 84 Fed. Appx. 173, 2003 WL 22962947, *2 (3d Cir., Dec. 17, 2003) citing *Summy*, supra, 234 F.3d at 134-35.

In *Summy*, the Third Circuit held that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call

on the federal forum." *Id*. at 136.

Further to this point, the Court stated the following:

> ...the state's interest in resolving its own law must not be given short shrift simply because one party...perceive[s] some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.
>
> *Id*.

See, also, *Allstate Insurance Co. v. Seelye*, 198 F. Supp.2d 629, 631 (W.D.Pa. 2002).

The sole issue of insurance coverage in the instant case presents no federal question and promotes no federal interest. The requested relief would require this Court to apply well-settled Pennsylvania law. This should weigh heavily against exercising discretionary jurisdiction over this declaratory judgment action. *Dixon v. Progressive Northern Insurance Co.*, 2008 WL 4072816, at *2 (W.D. Pa. 2008)("Significantly, the sole issue of insurance coverage in this case presents no federal questions, nor promotes any federal interest. The requested relief would require the Court to apply well-settled state law. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action."); *Lorini v. Progressive Northern Insurance*, 2008 WL 5216649, at *2 (W.D. Pa.)("Importantly, the sole issue of insurance coverage in this case presents no federal question, nor promotes any federal interest. This weighs heavily against exercising jurisdiction over this declaratory judgment action."); *Seelye*, *supra*.

Finally, although the Third Circuit partially based the result in *Summy* on the fact that there was in that case a parallel state court declaratory judgment action[1], it is well-settled that the

---

[1] In *Summy*, the Third Circuit pointed out, *inter alia*, that the underlying personal injury suit and a parallel state declaratory judgment action "were both pending in state court before the same judge, who was presumably familiar with the insurance policy" and with the facts of the underlying case such that the state court would have been able to efficiently coordinate both cases.  234 F.3d at 135-36.

existence of a such a parallel state action  is not a pre-requisite for a district court to decline

jurisdiction.  *Seelye*, 198 F.Supp.2d at 630 ("...the existence of a parallel state court proceeding is

not a necessary predicate for a district court to decline jurisdiction in a declaratory judgment

action."); *Hartford v. Keystone Automotive Operations*, 2007 WL 257915, at *3 (M.D. Pa. Jan.

29, 2007) (holding that the lack of of a parallel state court proceeding "does not mean that we

should exercise our discretion to hear this case."); *Dixon*, 2008 WL 4072816, at *2 (declining

jurisdiction since "although there is no parallel state court proceeding pending in this case, the

Court finds that factor is not determinative and the absence of a parallel state proceeding is

clearly outweighed by the lack of any federal interest in this case.").

CONCLUSION

Since the instant case raises no issues of federal law and implicates no federal interests,

this Court should exercise its jurisdictional discretion by dismissing  plaintiff's declaratory

judgment action.

Respectfully submitted,

DAVIS, PARRY & TYLER, P.C.

/s/ Lloyd George Parry

Lloyd George Parry, Esquire
I.D. No. 02886
1525 Locust Street, 14th Floor
Philadelphia, PA 19102
215-732-3755
215-732-0124 (fax)
lgparry@dpt-law.com

December 11, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 11, 2009, I electronically filed the foregoing

Memorandum of Law in Support of Motion to Dismiss Complaint  with the Clerk of the Court

using the CM/ECF system, and I hereby certify that I have thereby electronically served this

document upon all counsel of record who are registered with the Court's CM/ECF system.

DAVIS, PARRY & TYLER, P.C.

/s/ Lloyd George Parry

Lloyd George Parry, Esquire
I.D. No. 02886
1525 Locust Street, 14th Floor
Philadelphia, PA 19102
215-732-3755
215-732-0124 (fax)
lgparry@dpt-law.com

G:\Share\LGP\American Recycling Systems P-380\legal\ARS motion to dismiss\memo of law.wpd

5