IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 09-3355 |
| v. | : : : | |
| AMERICAN RECYCLING SYSTEMS, INC. et al., | : : : | |
| Defendants. | : : | |

## OPINION AND ORDER

**Slomsky, J.**                                                                                            August 25, 2010

### I.    INTRODUCTION

This is a declaratory judgment action in which Plaintiff Hartford Casualty Insurance Company ("Hartford") seeks a declaration of its obligations under an insurance policy entered into between Hartford and Defendant American Recycling Systems, Inc. ("ARS"). Hartford's Complaint was filed pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., seeking a declaration that Hartford has no obligation under the policy to defend or indemnify Defendant ARS in an underlying state court action brought by Defendant Alcibiades Galan. Before the Court are two outstanding motions which are ripe for decision: (1) Defendant ARS's Motion to Dismiss the Complaint (Doc. No. 18), and (2) Defendant Alcibiades Galan's Motion to Set Aside Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) (Doc. No. 25). For the reasons that follow, the Court will grant Defendant ARS's Motion to Dismiss and grant Defendant Galan's Motion to Set Aside Entry of Default.

1

## II. STATEMENT OF FACTS

This declaratory judgment action arises from claims asserted by Defendant Galan against Defendant ARS in an underlying state case in the Philadelphia County Court of Common Pleas. (Compl. ¶¶ 10-11.) In this underlying suit, Galan alleged that he was injured on October 7, 2007 while working with a defective baling machine. (Id. at ¶ 12.) According to Galan's complaint, he was cleaning debris from inside the baling machine when the top drive plate of the baler's crush mechanism detached and pinned Galan's arms beneath it. (Id.) Galan alleges that the baling machine at issue was designed and manufactured by ARS. (Id. at ¶ 13.) Galan also named American International Co., an alleged predecessor of ARS, as a defendant. (Id. at ¶ 21.)

In the underlying suit, Galan filed a three-count complaint against ARS alleging negligence, breach of warranty, and strict liability. (Id. at ¶ 14.) Hartford is defending ARS in the underlying suit because it issued a general liability insurance policy to ARS on October 1, 2007. (Id. at ¶¶ 18-20.)

Hartford brought the instant declaratory judgment action, alleging that the insurance policy it issued to ARS "expressly excludes coverage for 'bodily injury' or 'property damage' ... within the 'products-completed operations hazard.'" (Id. at ¶ 23.) In other words, Hartford alleges that the claims in the underlying suit fall within an exclusion under the policy. According to Hartford, it is not obligated to defend or indemnify ARS in the underlying state suit. (Id. at ¶ 29.) Additionally, Hartford alleges that American International Co. is not named in the insurance policy, is not a predecessor to ARS, and is not in any way related to ARS. (Id. at ¶¶ 21, 33.) Therefore, American International Co. is not an insured under the policy and Hartford is not obligated to defend or indemnify American International Co. in the underlying suit. (Id. at ¶ 34.)

## III. DISCUSSION

Defendant ARS asks the Court to exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and decline to decide this matter because it contains no issues of federal law either directly or by implication. (Def.'s Mot. to Dismiss ¶¶ 6-8.)

The Declaratory Judgment Act provides, in pertinent part, that:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added); see also Atlantic Mutual Ins. Co. v. Gula, 84 Fed. App'x 173, 174 (3d Cir. 2003); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). The United States Supreme Court has interpreted this language as providing federal courts with broad discretion in determining whether to entertain a declaratory judgment action. Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995); see also Gula, 84 Fed. App'x at 174 (noting that "jurisdiction conferred by this act is discretionary and district courts are 'under no compulsion to exercise it.'") (quoting Summy, 234 F.3d at 133).

The Court is mindful that this discretion is not open-ended. Summy, 234 F.3d at 134. The Third Circuit has placed limits on a district court's discretion to decline jurisdiction where "the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity or inadequacy of the state proceeding." United States v. Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991); Summy, 234 F.3d at 134. However, where, as here, none of these issues are present, district courts maintain broad discretion in determining whether to retain jurisdiction over declaratory judgment actions.

In exercising this discretion, there are several factors the Court must consider: (1) the likelihood that a federal court declaration will resolve the uncertainty of the obligation which gave rise to the controversy, (2) the convenience of the parties, (3) the public interest in settlement of the uncertainty of the obligation, and (4) the availability and relative convenience of other remedies. Dep't of Envtl. Res., 923 F.2d at 1075. In Summy, the Third Circuit suggested several additional considerations a district court may take into account when determining whether to exercise jurisdiction over declaratory judgment actions involving insurance coverage disputes. 234 F.3d at 134. Those considerations include:

> (1) [a] general policy of restraint when the same issues are pending in state court;
>
> (2) [the] inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and]
>
> (3) [the] [a]voidance of duplicative litigation.

Id. (citing Dep't of Envtl. Res., 923 F.2d at 1075-1076). Each of these factors and considerations listed by the Third Circuit in Summy and Dep't of Envtl. Res. will be addressed below.

### A. The Likelihood that a Federal Court Declaration Will Resolve the Uncertainty of the Obligation Giving Rise to this Controversy

A declaration from this Court would undoubtedly resolve the uncertainty of Hartford's obligation under the insurance policy at issue in the underlying litigation. However, this factor alone will not suffice to warrant the Court's exercise of jurisdiction. See Scottsdale Ins. Co. v. Broaddus, No. 08-3241, 2009 WL 349697, at *9 (E.D. Pa. Feb. 11, 2009). Consideration of the additional factors, discussed *infra*, militates in favor of declining to exercise jurisdiction over this case.

### B. The Convenience of the Parties and Availability and Relative Convenience of Other Remedies

Hartford may seek declaratory relief in state court under the Pennsylvania Declaratory Judgment Act, 42 Pa. C.S.A. § 7541. See General Acc. Ins. Co. of Amer. v. Allen, 547 Pa. 693, 701, 692 A.2d 1089, 1092-93 (Pa. 1997) (noting that the purpose of the Pennsylvania Declaratory Judgment Act is to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations). In fact, in light of the underlying state court proceedings that have been ongoing since April 2009, it is unclear why Hartford has not availed itself of this remedy in the state courts. See Harleysville Mutual Ins. Co. v. Madison, 415 Pa. Super. 361, 365, 609 A.2d 564, 566 (Pa. Super. 1992) (noting that an insurance company "has [a] right to seek a judicial determination of its obligations to [its insured(s)], including its duty to defend [], in advance of the conclusion of the underlying negligence action"). Accordingly, it is clear that Hartford has a similar, if not identical, remedy available in the state court.

Moreover, Hartford has not explained why bringing a declaratory judgment action in the Philadelphia Court of Common Pleas, where the underlying litigation is pending, would be any less convenient than bringing an action in this federal forum. Thus, the Court finds that the convenience of the parties and the availability of another remedy weigh in favor of declining to exercise jurisdiction over this case.

### C. The Public Interest in Settlement of the Uncertainty of the Obligation

There is no indication that the public interest will be better served by a federal court, rather than a state court, disposing of the insurance coverage issue raised by Hartford. In fact, the Third Circuit has expressly stated that, in cases like the one before this Court, "the desire of

5

insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136. Rather, this action presents "the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters." United Fin. Cas. Co. v. Fornataro, No. 08-1301, 2008 WL 4283347, at *1 (W.D. Pa. Sept. 18, 2008); Broaddus, 2009 WL 349697, at *9. Thus, the public interest is likely best served by the state court deciding issues of state law. Consequently, this factor weighs in favor of declining jurisdiction.

> **D.  The General Policy of Restraint When the Same Issues are Pending in State Court and the Avoidance of Duplicative Litigation**

Although the interpretation of the insurance policy at issue here may not be pending at this time in the underlying action, the coverage issue will "as a matter of logic necessarily arise before the matter is concluded in state court." Gula, 84 Fed. App'x at 175. According to the Third Circuit's reasoning in Gula, it is enough to show that the same issues will be resolved in the underlying state court proceedings, even if they are not pending at the outset. See id.; Broaddus, 2009 WL 349697, at *5; see also Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir. 1996) ("[N]othing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district court to exercise its discretion ... the potential for such a proceeding may suffice."). As in Gula, this coverage issue will necessarily arise in the underlying litigation. Thus, by declining jurisdiction, this Court will avoid duplicative litigation.

Furthermore, "[t]he central question is whether the controversy may 'better be settled' in the state court." Dep't of Envtl. Res., 923 F.2d at 1075. Hartford's Complaint is entirely restricted to issues of state law. See Brethren Mut. Ins. Co. v. Head's Up, Inc., No. 09-1544,

2010 WL 411715, at *5 (M.D. Pa. Jan. 28, 2010) ("The dispute over the scope of coverage of" an insurance contract "is purely a matter of well-settled state law, and there are no federal interests at stake.").[1] The Third Circuit has counseled that in such cases where state law is determinative, "federal courts should hesitate to entertain a declaratory judgment action." Gula, 84 Fed. App'x at 174; Summy, 234 F.3d at 136 ("[T]he state's interest in resolving its own law must not be given short shrift simply because one...or...both parties perceive some advantage in the federal forum."). Accordingly, the policy of restraint when the same issues are pending in state court, and the imperative to avoid duplicative litigation weigh in favor of declining jurisdiction here.

### E. The Inherent Conflict of Interest

It is clear that this case typifies the type of inherent conflict of interest identified by the Third Circuit in Summy, 234 F.3d at 134. On the one hand, Hartford is currently defending ARS in the underlying state suit. On the other hand, in this federal action, Hartford is attempting to characterize the underlying claims as falling within the scope of a policy exclusion in order to obtain a declaration that it is not obligated to defend or indemnify ARS in the underlying suit. No further discussion is needed on this point; the conflict of interest is inherent and weighs in favor of declining jurisdiction over this action.

## IV. CONCLUSION

The Declaratory Judgment Act provides federal courts with discretion to decline jurisdiction over a declaratory judgment action. Where, as here, there are no federal issues presented, state law controls, and the dispute can more efficiently and appropriately be resolved

---

[1] Although the parties dispute which state law applies – Pennsylvania or Florida – the parties acknowledge that state law controls. (See Def.'s Mem. in Supp. of Mot. to Dismiss 3; Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss 4.)

in the underlying state litigation, it is appropriate for this Court to abstain from exercising its jurisdiction. Therefore, for the reasons stated above, the Court will grant Defendant American Recycling System, Inc.'s Motion to Dismiss (Doc. No.18). For the same reasons, the Court will dismiss the action as to Defendant Galan and therefore grant Galan's Motion to Set Aside Entry of Default (Doc. No. 25).[2] An appropriate Order follows.

---

[2] On October 22, 2009, the Clerk of Court entered a default as to Defendant Galan for his failure to timely answer or otherwise respond to the Complaint in this action. Subsequently, the Court ordered a default judgment hearing. (Doc. No. 10.) However, the hearing was continued until counsel for Galan entered his appearance. (Doc. No. 15.) Thereafter, Counsel for Galan filed an Answer (Doc. No. 23) to the Complaint and a Motion to Set Aside Entry of Default (Doc. No. 25). On March 11, 2010, after multiple continuations of the hearing date, Counsel appeared before the Court. (Doc. No. 28.) At this hearing, Counsel for Galan stated that he was seeking a stipulation of dismissal as to ARS in the underlying state court action. Based on this representation, all Counsel agreed to stay the pending motions before this Court. Counsel for Galan was given ample time by this Court to secure the stipulation of dismissal, but as of July 31, 2010, he was still unable to do so. Therefore, to prevent any further delay, the Court has proceeded to decide the present motions.

As reflected by the procedural history described above, Galan did not join in ARS's Motion to Dismiss, nor did Galan file a separate motion to dismiss. However, the Court may dismiss Plaintiff's action against Defendant Galan *sua sponte*. The Court must give Plaintiff an opportunity to argue the validity of its claim before *sua sponte* dismissal is appropriate. Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976). That opportunity may be provided by a single defendant who raises a defense applicable to multiple defendants. Giles v. Volvo Trucks N. Amer., 551 F. Supp.2d 359, 369 (M.D. Pa. 2008); Coggins v. Carpenter, 468 F. Supp. 270, 279 (E.D. Pa. 1979). Here, while Defendant Galan did not file a motion to dismiss, the Court's analysis of Defendant ARS's Motion to Dismiss is equally applicable to Defendant Galan. Consequently, *sua sponte* dismissal of the claims against Defendant Galan is appropriate. See Giles, 551 F. Supp.2d at 369; Ogden v. Huntingdon County, No. 06-2299, 2007 WL 2343814, at *3 (M.D. Pa. Aug. 15, 2007).